IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**JAMES N. WILLIAMS,**

                        **Plaintiff,**

         v.                                  CASE NO. 11-3183-SAC

**D. WADDINGTON, et al.,**

                        **Defendants.**

**MEMORANDUM AND ORDER**

This matter is before the court on a civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff commenced this action while incarcerated at the Larned Correctional Mental Health Facility (LCMHF), Larned, Kansas, and has since notified the court of a change of address. He proceeds pro se, and the court grants leave to proceed in forma pauperis.[1]

Plaintiff's complaint names two defendants, Warden D. Waddington and C. Ruhl, a food service supervisor at the LCMHF. Plaintiff has moved to dismiss defendant Waddington and to correct defendant Ruhl's name to K. Ruhl. The motion is granted.

*Screening*

Under 28 U.S.C. § 1915(e)(2)(B), the court must screen this in forma pauperis filing and must "dismiss the case at any time if the court determines that ... the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be

---

[1] Plaintiff is advised that he remains obligated to pay the statutory filing fee of $350.00 in this action.

granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

Because plaintiff proceeds pro se, the complaint must be given a liberal construction. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007); *Haines v. Kerner,* 404 U.S. 519, 520 (1972). However, this standard "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir.1991).

Plaintiff's complaint alleges that defendant Ruhl subjected him to discrimination on the basis of his race. He alleges she used racial epithets to address him in the prison workplace.

Such verbal abuse, while deplorable, does not give rise to a constitutional violation. *See McBride v. Deer,* 240 F.3d 1287, 1291 n. 3 (10th Cir.2001)(threats and verbal taunts do not violate Eighth Amendment); *Northington v. Jackson,* 973 F.2d 1518, 1524 (10th Cir.1992)(verbal harassment, standing alone, does not state a constitutional claim).

Accordingly, because the plaintiff has alleged only verbal abuse, the court concludes this matter must be dismissed for failure to state a claim upon which relief may be granted.

IT IS, THEREFORE, BY THE COURT ORDERED this matter is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

IT IS FURTHER ORDERED plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is granted.

IT IS FURTHER ORDERED plaintiff's motion to dismiss defendant Waddington and to correct the name of defendant Ruhl (Doc. 3) is

granted.

A copy of this order shall be transmitted to plaintiff.

**IT IS SO ORDERED**.

DATED:  This 8th day of February, 2012, at Topeka, Kansas.


S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge